IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:10cr268–HEH |
| ) | |
| DALTON DEVON PIERCE, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Granting Fed. R. Civ. P. 59(e) Motion)

On January 19, 2012, Dalton Devon Pierce, a federal inmate proceeding *pro se*, submitted an unsigned motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (Dk. No. 31.) On February 6, 2012, by Memorandum Order, the Court ordered the Clerk to serve the § 2255 Motion and ordered Pierce to submit a signed copy of his § 2255 Motion within eleven (11) days of the date of entry thereof. On February 21, 2012, the Clerk received Pierce's signed § 2255 Motion. Upon receipt of the signed § 2255 Motion, the Clerk merely replaced the signature page of Pierce's § 2255 Motion, rather than creating a separate docket entry reflecting Pierce's compliance with the February 6, 2012 Memorandum Order.[1] On April 5, 2012, the United States moved to dismiss the action asserting that Pierce failed to submit a signed § 2255 Motion in compliance with the February 6, 2012 Memorandum Order.

---

[1] The Clerk did make a notation within the § 2255 Motion's original docket entry reflecting the replacement of the signature page. Such action, however, did not cause the Court's CM/ECF system to generate a Notice of Electronic Filing ("NEF") for the Court and counsel for the United States. Having never received a NEF of Pierce's signed § 2255 Motion, both the Court and counsel for the United States wrongly believed that Pierce failed to comply with the February 6, 2012 Memorandum Order.

Subsequently, by Memorandum Order issued on June 6, 2012, the Court denied the § 2255 Motion without prejudice and dismissed the action without prejudice for failure to comply with the February 6, 2012 Memorandum Order. On July 3, 2012, Pierce filed a motion for reconsideration ("Motion for Reconsideration").[2] (Dk. No. 44.) Because Pierce filed his Motion for Reconsideration within twenty-eight (28) days of the June 6, 2012 Memorandum Order, the Court deems it a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e).

Relief under Rule 59(e) is appropriate only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citations omitted). "Thus, the rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

In his Motion for Reconsideration, Pierce correctly asserts that he properly complied with the February 6, 2012 Memorandum Order. (Mot. Reconsideration 1.) Accordingly, Pierce's Motion for Reconsideration (Dk. No. 44) will be granted. The June 6, 2012 Memorandum Order will be vacated. The Government will be ordered to

---

[2] July 3, 2012 is the date stamped on the outside of the envelope containing the motion. Thus, it is the date the Court deems the motion filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court received another motion for reconsideration from Pierce on July 6, 2012 ("Second Motion"). (Dk. No. 41.)

file a complete, fully briefed response to the § 2255 Motion within thirty (30) days of the date of entry hereof.[3] Any reply by Pierce shall be filed within thirty (30) days thereafter. The Second Motion will be denied as moot.

An appropriate Order will accompany this Memorandum Opinion.

Date: July 18, 2012
Richmond, Virginia

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

---

[3] If in its response, the United States contends that the events of any in-Court proceedings bear on the merits of Petitioner's claims, the response shall cite to the relevant page of the transcript of that proceeding. If the proceeding has not been transcribed, the United States shall contact the appropriate Court Reporter to transcribe the proceeding.